T.C. Summary Opinion 2009-156

UNITED STATES TAX COURT

DEAN GOCHIS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8189-08S.                    Filed October 13, 2009.

Dean Gochis, pro se.

<u>S. Mark Barnes</u>, for respondent.

GERBER, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
when the petition was filed.[1]  Pursuant to section 7463(b), the

_____

[1]Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the year in issue, and
all Rule references are to the Tax Court Rules of Practice and
Procedure.

decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $5,572 income tax deficiency and a $1,114 section 6662(a) accuracy-related penalty for petitioner's 2005 tax year. The issues for consideration are: (1) Whether petitioner must include in gross income partnership income he assigned to his sons; (2) whether petitioner must include in gross income a distribution from an individual retirement annuity; (3) whether petitioner is liable for a section 72(t) 10-percent additional tax on that distribution; and (4) whether petitioner is liable for the section 6662(a) accuracy-related penalty.

## Background

Petitioner resided in Utah at the time his petition was filed. In 1994 petitioner, an employee of the Federal Government, accepted a Voluntary Separation Incentive Payment (separation payment) of approximately $50,000 as part of the Defense Base Closure and Realignment process. At that time he also had accumulated contributions in a Federal retirement plan account.

On the advice of his accountant, Mr. Vanderharr, petitioner used $25,000 from his separation payment to purchase partnership interests in the IEA Income Fund XII Limited Partnership (IEA)

and the Cronos Global Income Fund XIV Limited Partnership (Cronos). The partnerships' main business consisted of renting out space on cargo ships which they owned. As a partner petitioner received annual distributive shares of the partnerships' income and depreciation deductions on the ships. He was informed of his share of partnership income and deductions by means of Schedules K-1, Partner's Share of Income, Deductions, Credits, etc. Petitioner irrevocably assigned the right to receive the partnership income to his two sons. In 2005 the partnerships paid $23 in interest income and $2,232 in rental income directly to petitioner's sons.

Petitioner used the accumulated contributions in his Federal retirement plan account and the $20,000 remaining from his separation payment to purchase an individual retirement annuity from American Skandia Life Assurance Co. (ASLAC) in 1994. In 2005 petitioner informed Mr. Vanderharr that he wished to transfer the money in the ASLAC annuity account to an individual retirement account (IRA). Mr. Vanderharr arranged for ASLAC to issue a check for the $38,535 value of the annuity (ASLAC distribution) and instructed petitioner to deposit the check into an IRA at Scottrade where petitioner had previously opened a non-IRA account (regular account) on January 12, 2005.

On July 27, 2005, petitioner received the check from ASLAC and immediately went to a Scottrade office. Petitioner told a

Scottrade employee that he wanted to open an IRA.  The employee completed the necessary paperwork for him and gave him a receipt for the deposit.  However, no IRA was actually established, and the money was incorrectly deposited into petitioner's regular account.  When petitioner was made aware that his Scottrade account was not an IRA, during October 2008, he caused a Scottrade IRA to be opened in his name.

In 2005 petitioner received monthly account statements via email and continued to make trades in the account.  He noticed that the funds had been credited to the regular account he had initially opened, but he assumed the account had been converted into an IRA.  Petitioner did, in fact, treat the account as an IRA and did not withdraw any money from it.

Petitioner filed a timely 2005 Federal income tax return. On his return petitioner did not report the interest and rental income paid to his sons by IEA and Cronos, but he did claim his distributive share of the partnerships' depreciation deductions. Petitioner did not report the $38,535 ASLAC distribution because he thought it had been timely reinvested in an IRA. Additionally, petitioner did not report $31 in interest income and $164 in dividend income that he received from Scottrade in 2005.

On January 7, 2008, respondent sent petitioner a notice of deficiency determining a deficiency of $5,572 based on petitioner's failure to report the partnership income from IEA and Cronos, the ASLAC distribution, and the dividend and interest income from Scottrade. Respondent also determined that petitioner was liable for a section 6662(a) accuracy-related penalty of $1,114. On April 7, 2008, petitioner filed a petition with this Court. Petitioner has conceded that the interest and dividend income from Scottrade should have been included in his gross income.[2]

## Discussion[3]

## I. Assignment of Partnership Income

A fundamental principle of tax law is that income is taxed to the person who earns it. Lucas v. Earl, 281 U.S. 111, 114-115 (1930). The power to dispose of income by causing the income to be paid to another is the equivalent of ownership for tax purposes. Helvering v. Horst, 311 U.S. 112 (1940); Teschner v. Commissioner, 38 T.C. 1003 (1962). Therefore, a taxpayer entitled to receive income at a future date cannot avoid tax on

---

[2]We have assumed that the dividend and interest income was attributable to the assets in the account that were not part of petitioner's IRA.

[3]Petitioner did not argue that any burden or proof or production shifted to respondent under sec. 7491(a). Respondent, however, has the burden of production with respect to the accuracy-related penalty. See sec. 7491(c).

that income by making a gift of it by anticipatory assignment. Helvering v. Horst, supra.  This is true regardless of whether the assignment of income is irrevocable.  Id.; Galt v. Commissioner, 216 F.2d 41, 48 (7th Cir. 1954), affg. on this point 19 T.C. 892 (1953); Drake Univ. v. Commissioner, 44 T.C. 70, 72 (1965).

Petitioner owned the partnership interests in IEA and Cronos.  Although he irrevocably assigned the right to receive the income from those partnership interests, he did not transfer the partnership interests.  In effect, he retained the tree (ownership) and transferred the fruit (right to the income). Accordingly, the income from those partnership interests belonged to petitioner even though it was paid directly to his children. We hold that petitioner is required to report the partnership income.

## II.  Individual Retirement Annuity Distribution

Amounts distributed from an individual retirement plan are generally includable in gross income as provided under section 72.  Sec. 408(d)(1).  The term "individual retirement plan" means either an individual retirement account or an individual retirement annuity.  Sec. 7701(a)(37).  An individual retirement plan distribution is not taxable under section 408(d)(1) if the entire distribution is rolled over into another individual retirement plan account within 60 days.  Sec. 408(d)(3)(A)(i).

Petitioner received a $38,535 distribution from his ASLAC individual retirement annuity. Petitioner requested that Scottrade deposit it into an IRA at Scottrade so that it could be rolled over into an individual retirement plan account within 60 days.

Petitioner contends that he should be excused from the tax and penalty on said withdrawal because the failure properly to roll over the $38,535 was Scottrade's error of which petitioner was not aware. There is support for petitioner's argument in Wood v. Commissioner, 93 T.C. 114 (1989).

In Wood, the taxpayer received a lump-sum distribution of cash and stock from a profit-sharing plan. Intending to roll over the distribution, he opened an IRA with a large brokerage company as trustee. Although the trustee accepted the cash and stock for deposit to the IRA, it mistakenly recorded the stock as having been transferred to the taxpayer's other non-IRA account. The taxpayer did not notice the error on his next statement. About 4 months after the expiration of the 60-day rollover period, the trustee independently corrected its records to reflect the transfer of the stock to the IRA. Because the parties had a contractual agreement to hold the cash and stock in the IRA, we found the trustee's mistake to be a mere bookkeeping error that failed to properly reflect the transaction. We accordingly held that the taxpayer's rollover was timely.

Petitioner instructed a Scottrade employee to deposit the proceeds of the ASLAC distribution into a new IRA.  The employee completed the IRA paperwork required to open the account and gave petitioner a receipt for the deposit.  As in <u>Wood v. Commissioner</u>, <u>supra</u>, the Scottrade employee's actions established a contractual agreement to hold the proceeds of the distribution in an IRA.

We note that petitioner treated the account in all respects as though it were an IRA.  He made a good-faith attempt to open an IRA and presented Scottrade with everything necessary to do so.  There is nothing in this record that indicates or implies that he was aware that an IRA had not been opened.

Accordingly, we hold that the distribution is not includable in petitioner's gross income.

## III.  Section 72(t) Additional Tax

Section 72(t) imposes an additional tax on an individual retirement plan distribution equal to 10 percent of the amount included in gross income, subject to certain exceptions.  Because the ASLAC distribution is not includable in petitioner's gross income, petitioner is not liable for the section 72(t) additional tax.

## IV.  Section 6662(a) Penalty

Section 6662(a) and (b)(1) and (2) imposes an accuracy-related penalty of 20 percent on the portion of an underpayment

attributable to negligence, disregard of rules or regulations, or a substantial understatement of income tax. Negligence includes any failure to make a reasonable attempt to comply with the provisions of the Code or to exercise ordinary and reasonable care in the preparation of a tax return. Sec. 1.6662-3(b)(1), Income Tax Regs. Negligence is strongly indicated where a partner fails to treat partnership items in a manner consistent with the treatment of such items on the partnership return. Sec. 1.6662-3(b)(1)(iii), Income Tax Regs.

Petitioner was negligent in failing to treat the partnership items consistent with the Schedules K-1 he received. Although he claimed his distributive shares of the partnerships' depreciation deductions, he did not include the income paid directly to his sons, which was his share of the partnerships' income. Petitioner claims that Mr. Vanderharr advised him that the partnership income paid to his sons would not be taxable to him.

Section 6664(c)(1) provides a defense to the section 6662 penalty for any portion of an underpayment where reasonable cause existed and the taxpayer acted in good faith. In determining whether a taxpayer reasonably relied in good faith on professional advice, all facts and circumstances must be considered, including the taxpayer's education, sophistication, and business experience. Sec. 1.6664-4(c)(1), Income Tax Regs. Generally, the most important factor is the extent of the

taxpayer's effort to assess the taxpayer's proper tax liability. Sec. 1.6664-4(b)(1), Income Tax Regs.

Petitioner testified that Mr. Vanderharr handled his taxes and specifically advised him that he would be "out of the tax loop" in regard to the partnership interests. However, the record does not show what advice Mr. Vanderharr may have provided and his qualifications for giving such advice. Under the circumstances we are unable to find that petitioner relied or that it would have been reasonable for him to rely on Mr. Vanderharr's tax advice. Petitioner prepared his own return and claimed his share of the partnerships' depreciation deductions despite being advised that ownership of the partnership interests would have no tax effect on him.

Accordingly, we hold that petitioner is liable for the section 6662(a) penalty on the underpayment attributable to the partnership income. Petitioner is also liable for the section 6662(a) penalty on the underpayment attributable to the conceded interest and dividend income. We leave to the parties the computation of the correct amount of the penalty under section 6662(a).

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.